IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEL M. MARIN, | ) |
| Plaintiff, | ) ) ) |
| vs. | )    **2:06cv690** )    **Electronic Filing** |
| TOM LESLIE, ARTISIA FOSTER, LAWRENCE COUNTY, PA. | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Plaintiff commenced this § 1983 civil rights action as a trustee and co-beneficiary of his father's trust seeking to set aside and have declared void an April 28, 2006, tax sale of real property located at 828 South Mill Street, New Castle, Lawrence County, Pennsylvania, 16101 ("the subject property"). See generally Complaint (Doc No. 1) and Amended Complaint (Doc. No. 6). Plaintiff asserts standing to pursue this relief as well as compensatory and punitive damages for violations of the Bankruptcy Code and the Due Process Clause as 1) the trustee of "The Happy Trust Three," 2) as a co-beneficiary of The Happy Trust Three, and 3) as a holder of a trustee's lien in the nature of a mortgage on the subject property. See Amended Complaint at ¶ 6; Plaintiff's Points and Authorities (Doc. No. 33) at 5-8. Presently before the court are a number of pretrial motions, including defendant's motion for summary judgment. For the reasons set forth below, the action will be dismissed for want of jurisdiction.

Plaintiff's theory of the case is that the subject property was listed by his father as estate property in a petition in bankruptcy filed with the United States District Court of Arizona and referred to the United States Bankruptcy Court for the District of Arizona. As a result, it was and is protected from adverse action by defendants. In addition, plaintiff stands in privity with his father and thus his property interest in the family trust enjoys the same protection. Complaint at ¶ 4; Amended Complaint at ¶ 6. Defendants exposed the subject property to tax sale in April of 2006 without providing proper notice and in doing so transgressed the mandate of the Due

Process Clause as well as the automatic stay of the bankruptcy code.

More specifically, in April of 2005 the bankruptcy estate gave notice of its abandonment of the subject property, but the bankruptcy court never issued an order lifting the automatic stay over the property, and thus the property remained protected from taxation or alienation by defendants. Complaint at ¶¶ 8-9; Amended Complaint at ¶ 24. In addition, defendants had knowledge of plaintiff's personal mailing address through plaintiff's in-person oral notification, Complaint at ¶ 7; Amended Complaint at ¶ 9, and from his written communications in March of 2006 to the County Treasurer and County Commissioner Artisia Foster. Complaint at ¶ 10; Amended Complaint at ¶ 10. Nevertheless, defendants failed to provide proper notice of the exposure of the subject property to tax sale. Complaint at ¶ 11; Amended Complaint at ¶ 11.

In his original complaint plaintiff asserted he is entitled to collect damages "in the amount of what he will charge the family trust for the protection of this property," Complaint at ¶ 12, for violation of the automatic stay, id. at ¶ 19, and to have the tax sale voided. Id. at ¶25. Plaintiff's allegations are submitted pursuant to a verified complaint. Id. at ¶26. In his Amended Complaint plaintiff asserts a right to recover damages 1) for defendants' "custom and practice in this case of deliberately altering its own records to avoid giving notice to owners of property of pending tax sales in order to avoid objection," Amended Complaint at ¶ 17, 2) defendants' refusal to void the April 28, 2006, tax sale of the subject property, id. at ¶ 22, and 3) defendants' willful violation of the automatic stay. Id. at ¶ 29. Plaintiff's allegations in the Amended Complaint are also verified.

Plaintiff advances the following theories for recovery in his Amended Complaint. At count one he alleges the County has a custom and practice of failing to give either statutory or actual notice to owners of pending tax sales, in order to take property while avoiding objection. Id. at ¶ 13. As a consequence, plaintiff is entitled to a declaration that the April 28, 2006, tax sale is void. Id. at ¶ 14. At count two plaintiff alleges "the county deliberately altered the address record it held for this plaintiff in 2003 and placed the old Cleveland address into the

records in order to punish plaintiff for his action in bankruptcy court against the City of New Castle in April 2005 for the city's unsuccessful attempt to condemn the property during a pending bankruptcy." Id. at ¶ 16. As a consequence, plaintiff is entitled to general damages in the amount of $100,000 and special damages in the amount of $15 million for loss of property and evidence stored in the subject property needed for ongoing legal actions, and a punitive damages award. Id. at ¶ 17. At count three plaintiff alleges the defendants received numerous letters and notices from him about the violation of the automatic stay and nevertheless failed and refused to void the tax sale. Id. at ¶ 21. As a consequence, plaintiff is entitled to general damages in the amount of $100,000 and special damages in the amount of $15 million for loss of property and evidence stored in the subject property needed for ongoing legal actions, and a punitive damages award. Id. at ¶ 22. At count four plaintiff alleges that although the subject property was abandoned by the bankruptcy trustee, it continued to be protected under the automatic stay and as a result the subject property did not incur tax liability since the filing for bankruptcy in 2001 and that protection continues to the present day. Id. at ¶ 26. Defendants had a custom and policy of undertaking tax sale foreclosure notwithstanding the stay, thereby committing theft. Id. at ¶ 28. As a consequence, plaintiff is entitled to general damages in the amount of $100,000 and special damages in the amount of $15 million for loss of property and evidence stored in the subject property needed for ongoing legal actions, and a punitive damages award. Id. at ¶ 29.

     Defendants move for summary judgment on the ground that public records establish that the April 28, 2006, tax sale officially has been voided. Plaintiff does not dispute this fact. Instead, plaintiff seeks to avoid any defense of "mootness" and lack of jurisdiction pursuant to the theory that as trustee of "The Happy Trust Three" he has spent hours defending the subject property against the attempts of defendants to sell it, he has been harmed as a co-beneficiary by the cost of his own hours that must be bore by the trust and paid out of trust property, and he is entitled to recover the hourly rate he is charging the trust for his time spent in litigating the matter before this court. Plaintiff's Points and Authorities (Doc. No. 33) at 5-6. The Trust permits him

3

to charge an hourly rate that would be equivalent to what a lawyer would charge for the same service. Plaintiff's Declaration and Exhibits (Doc. No. 34) at p. 8. Furthermore, his charges ultimately become a lien against the subject property. Id.; Plaintiff's Points and Authorities at 6-7. In addition, he is entitled to collect an award in this court for defendants' intentional violation of the automatic stay. Plaintiff's Points and Authorities at 4.

If the court were permitted to proceed with this action, it is clear that defendants' motion for summary judgment is well taken and defendants would be entitled to a ruling in their favor on at least count one and court three, to the extent those counts seek to have the tax sale declared void or seek to claim ongoing damages on defendants' refusal to void the tax sale. However, plaintiff's arguments about the lack of mootness and his ability to claim damages on behalf of the trust have raised an issue about this court's jurisdiction and the propriety of continuing the action under the current circumstances. A review of the record indicates that plaintiff is not the real party in interest, he is not authorized to proceed with this action as commenced, and these defects are jurisdictional. Consequently, the action must be dismissed for lack of jurisdiction.

Each ground plaintiff advances in support of his standing to proceed with this action and his right to obtain damages from defendants emanate from his status as trustee and/or beneficiary of The Happy Trust Three. The Happy Trust Three is a self-settled, revocable trust, in which plaintiff's father, Milivoj Marinkovic, gave himself a beneficial interest in all its property and the right to control the income and proceeds generated from the operation of the trust. Plaintiff's Declaration and Exhibits (Doc. No. 34) at p. 7, ¶¶ 1.4, 1.7. Plaintiff received only a contingent/secondary beneficiary interest that matures upon the settlor's death or incapacity. Id. at ¶ 3.1.

"[I]t is established law that a self-settled, revocable trust in which the debtor is also the beneficiary is property of a debtor's estate." In re Marinkovic, 2007 WL 4287833 at *5 (citing Feinman v. Lombardo, 214 B.R. 260, 265 (D. Mass.1997); In re Dias, 37 B.R. 584, 586 (Bankr.D.Idaho 1984)). It also is a matter of public record that Milivoj Marinkovic listed all the

real property of The Happy Trust Three, as well as related trusts created by him, in his Arizona bankruptcy petition. See In re Marinkovic, 2007 WL 4287833. It has been judicially declared that the Happy Trust Three and the related trusts were created "by the debtor and [plaintiff] for, among other things, 'to divest Eva Marinkovic, the mother of [plaintiff], of her community property rights in and to [Tuson, Arizon, real] property.'" Id. at *3. Plaintiff, Mel Marinkovic, did not file for bankruptcy, nor did he join in the petition as a debtor. It has been adjudicated against the interests of plaintiff that the assets and proceeds of The Happy Trust Three as well as the other Happy Trusts were the property of the bankruptcy estate. Id.

It follows from the above that any proceeds to be generated from any injury or harm to The Happy Trust Three were the property of the debtor and part of the bankruptcy estate until the point of abandonment occurred. The records attached to plaintiff's amended complaint make unequivocally clear that the bankruptcy petition was filed in the name of plaintiff's father. See Amended Complaint at p. 21-22. Plaintiff was not a debtor nor does he have authorization to assert claims on behalf of the bankruptcy estate. Thus, plaintiff lacks standing to assert claims based on defendants' behavior to the extent it caused any injury or harm to the property of the trust while it remained in the bankruptcy estate, which was at least until April of 2005.

Plaintiff is not an individual entitled to enforce the protections of the automatic stay or to seek vindication for any violation of it for the same reason. See In re Radcliffe, 372 B.R. 401, 411-12 (Bkrtcy. Ct. N.D. Ind. 2007) (citing In the Matter of James Wilson Associates, 965 F.2d 160, 168 (7th Cir.1992) ("To have standing to invoke a statute you must be one of the persons whom the statute is intended to protect.") (citation omitted)). Plaintiff was not the debtor in bankruptcy, did not join in the petition, and has only a contingent/secondary beneficiary interest in the trust. Thus, he lacks standing to prosecute a claim for violation of the automatic stay.

It is also undisputed and a matter of public record that the estate abandoned the subject property as well as other real property of the estate. In re Marinkovic, 2007 WL 4287833 at *1. It was abandoned in April of 2005. Amended Complaint at ¶ 24. And no order was ever entered

removing or lifting the subject property from the protections of the automatic stay. Complaint at ¶ 8; Amended Complaint at ¶ 24.

When the property was abandoned by the trustee, defendants' public obligation to enforce the taxes accruing or not otherwise discharged by the bankruptcy court were restored to the extent recourse was sought only out of the sale of the subject property. As the bankruptcy court in <u>Matter of Holly's, Inc.</u>, made clear:

> "When the abandonment of property is effectuated . . . the property will no longer be property of the estate. The value of such property to the estate will be zero. Under such circumstances, any tax claim assessed against the property will be totally disallowed. 11 U.S.C. § 502(b)(3). Also the property taxing entity would become entitled to enforce its statutory in rem rights against the property subject of unpaid taxes either because of automatic termination of the stay under § 362(c) or because relief from stay would be mandated by § 362(d)(2)."

<u>Matter of Holly's, Inc.</u>, 140 B.R. 643, 696 (Bkrtcy. Ct. W.D. Mich. 1992). Plaintiff's theories concerning defendants' customs and practices of failing to afford proper notice and deliberating altering public tax role records to punish plaintiff for defending against an attempted condemnation proceeding then become pertinent.

Nevertheless, the record and a review of the law make clear that plaintiff also lacks standing to pursue relief for any post-bankruptcy violation of the Due Process Clause. The property was registered in the county tax records as being controlled by plaintiff's father. <u>See</u> Amended Complaint at p. 9. Plaintiff maintains and defendants represent that the official title owner of the subject property is "The Happy Trust." Thus, plaintiff is not the title owner of the property, nor is he even the primary beneficiary of The Happy Trust Three.

The Happy Trust Three is declared to be "a business trust." The Happy Trust Three (Doc. No. 34) at ¶ 1.7. Under modern jurisprudence such a trust is a separate legal entity that can sue or be sued to the extent it is entitled to do so under the law of the forum. <u>See</u> <u>e.g.</u> <u>Loomis Land & Cattle Company v. Diversified Mortgage Investors</u>, 533 S.W.2d 420, 426 (Tex. Ct. App. 1976); 12A Corpus Juris Secundum, Business Trusts §§ 50- 51. In Pennsylvania such an entity "is a separate legal entity." 15 Pa. C. S. A. § 9502(c). It may carry on or conduct any lawful business

designated in the deed or other instrument of trust. 15 Pa. C. S. A. § 9502(a)(3). Its power includes the ability "to do any lawful act in relation to such trust property that any individual owning the same absolutely might do." Id. Accordingly, The Happy Trust Three is a business entity under Pennsylvania law with the authority to sue and take other appropriate legal measures to protect trust property.

While plaintiff can cause the trust to sue in its own right and commence other legal proceedings to protect its assets, plaintiff as trustee is not the equivalent of the trust and cannot substitute himself for the trust. In other words, plaintiff is not a proper party to pursue a recovery that enures to a separate legal entity that can sue in its own right; the trust is the real party in interest and the proper entity to commence any legal action for recourse to trust property.

But even assuming it would somehow be proper to overlook the manner in which plaintiff commenced this action, and steps were to be taken to substitute the real party in interest, the court cannot continue to entertain jurisdiction over the proceeding. To do so would essentially sanction the unauthorized practice of law.

"It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities." Van De Berg v. C.I.R., 175 Fed. Appx. 539, 541 (3d Cir. 2006) (quoting Rowland v. California Men's Colony, 506 U.S. 194, 201-02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) and citing in further support United States v. Cocivera, 104 F.3d 566 (3d Cir.1996); Simbraw, Inc. v. United States, 367 F.2d 373 (3d Cir.1966); Harrison v. Wahatoyas, L.L.C., 253 F.3d 552, 556 (10 Cir.2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not a non-attorney corporate officer appearing pro se.")). "Thus, a non-lawyer trustee, such as [Mel Marin], may not represent a trust pro se before this Court." Id. (citing Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir.1994) ("A nonlawyer, such as these purported 'trustees pro se' has no right to represent another entity, i.e., a trust, in a court of the United States"); see also C.E. Pope

7

Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987) (holding that a pro se litigant, who had filed an action as trustee on behalf of a trust, "ha[d] no authority to appear as an attorney for others than himself")). Pennsylvania law is in accord. See The Spirit of the Avenger Ministries v. Commonwealth of Pa., 767 A.2d 1130 (Pa. Commw. Ct. 2001) ("It is well settled that, with a few exceptions not applicable here, non-attorneys may not represent parties before the Pennsylvania courts and most administrative agencies.") (citing Shortz v. Farrell, 327 Pa. 81, 193 A. 20 (1937); Nolan v. Department of Public Welfare, 673 A.2d 414 (Pa. Commw. Ct. 1995), petition for allowance of appeal denied, 546 Pa. 650, 683 A.2d 887 (1996); McCain v. Curione, 106 Pa. Commw. 552, 527 A.2d 591 (1987)).

When a non-lawyer has commenced a proceeding on behalf of a legal entity, the court fails to obtain jurisdiction over the lawsuit. See The Spirit of the Avenger Ministries, 767 A.2d at 1131 ("Thus, this Court is without jurisdiction to consider the claims raised by Pastor Michael T. Orth in the instant appeal as he is not licensed to practice law in this Commonwealth."). In such situations the proper course is to dismiss the action. Id. Accordingly, an order will be entered dismissing this action for want of jurisdiction.

Date: September 10, 2008

                                                s/ David Stewart Cercone
                                                David Stewart Cercone
                                                United States District Judge

cc:     Mel M. Marin
         P.O. Box 25563
         Los Angeles, CA 90025

         Phillip L. Clark, Jr., Esquire
         Balph Nicolls Mitsos Flannery & Clark
         Suite 300, Sky Bank Building
         14 North Mercer Street
         New Castle, PA 16101